IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

     v.                               :    CRIMINAL NO. 13-cr-164-4

IRINA VASSERMAN                  :

                                              :

## ORDER FOR BENCH WARRANT

AND NOW, this 9th day of April, 2013, on motion of Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, it is ORDERED that a bench warrant be issued for the arrest of the defendant in the above-captioned case. The government having shown good cause, if the defendant exits the residence before 6 a.m., the arrest may be executed before 6 a.m. The Court directs that the warrant itself expressly permit the execution of the arrest warrant before 6 a.m.

                                              BY THE COURT:

                                              _____
                                              HONORABLE ELIZABETH T. HEY
                                              United States Magistrate Judge



IN THE UNITED STATES OF DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA         :

     v.         :         CRIMINAL NO. 13-cr-164-4

IRINA VASSERMAN         :

## MOTION FOR BENCH WARRANT

AND NOW, this 9th day of April, 2013, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and M. BETH LEAHY, Assistant United States Attorney move the Court for the allowance of a bench warrant in the above-entitled case directed to the United States Marshal, Eastern District of Pennsylvania, or any other United States Marshal or officer authorized to execute same.

Agents intend to arrest 5 participants in the alleged scheme at relatively the same time, in order to avoid the risk that one participant might notify the others about the impending arrests. All of these individuals to be arrested work for Penn Choice or other ambulance companies. Due to their investigations, agents understand that the companies frequently begin transporting patients to scheduled dialysis treatments beginning as early as 5 a.m. As a result, the defendant may be leaving the residence before 6 a.m. Therefore, if the defendant exits the residence before 6 a.m., in order to avoid the risk of notice to the defendants, to efficiently

effectuate the arrest, and to minimize disruption to patient transport, the government respectfully requests the Court to authorize the execution of the warrant before 6 a.m. in accordance with Fed. R. Crim. P. 41(e)(2)(A)(ii). If the defendant does not exit the residence before 6 a.m., the government will execute the arrest warrant during the daytime, as defined by Fed. R. Crim P. 41(a)(2)(B).

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

M. BETH LEAHY
Assistant United States Attorney