# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | |
| ANNA MUDROVA, | : | CRIMINAL NO. 13-164 |
| YURY GERASYUK, | | |
| MIKHAIL VASSERMAN, | : | |
| ALEKSANDR VASSERMAN, | | |
| IRINA VASSERMAN, | : | |
| VALERIY DAVYDCHIK, | | |
| KHUSEN AKHMEDOV, AND | : | |
| PENN CHOICE AMBULANCE INC. | | |

## O R D E R

AND NOW, this ____ day of _____, 2013, upon consideration of the Government's Unopposed Motion for Complex Case Designation, the Court finds as follows:

1. This case is so unusual and complex due to the nature of the prosecution and the number of co-defendants, witnesses and documents, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limitations established by the Speedy Trial Act, 18 U.S.C. §3161, et seq., taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv).

2. This case is unusual and complex for the following reasons:

    a. The 30-count indictment returned on April 9, 2013 charges violations of five separate federal criminal statutes: 18 U.S.C. §§ 1349 (conspiracy to commit health care fraud), 1035 (false statements in connection with health care matters), 1957 (money laundering),

1028A (aggravated identity theft), 42 U.S.C. § 1320a-7b(b)(2)(B)(kickback payments) and involves potential forfeiture of several bank accounts and vehicles.

    b. The indictment charged seven individuals and one corporate entity as co-defendants in the case. Three of the individuals have a limited ability to speak and understand the English language. It is anticipated that defense counsel will require additional time to translate discovery into the Russian language for these co-defendants and will need interpreters to communicate with their clients in order to prepare for trial.

    c. The criminal activities charged in the indictment occurred over a period of more than three years and the indictment alleges a wide-ranging conspiracy and scheme to transport patients for medically unnecessary services, to submit fraudulent claims for reimbursement to Medicare, to falsify records, to use unique identifying information of others without lawful authority to commit the fraud, to pay illegal kickbacks, and to launder the proceeds from the fraud.

    d. A voluminous quantity of potential Rule 16 discovery materials exists, including, among other things, hundreds of pages of documents seized from defendant Penn Choice Ambulance Inc. ("Penn Choice"), voluminous patient records, a large number of records subpoenaed from various financial institutions and other entities, electronic claims data for thousands of claims filed by Penn Choice, hours of video and audio recordings, and hundreds of pages of agent interview reports and grand jury testimony. The coordination, production, and review of this voluminous quantity of discovery material will take a significant amount of time.

    e. The government expects to call a minimum of 20 witnesses to testify at trial, excluding records custodians, and the government is not sure of the extent of time or

witnesses required by the defense. There is a voluminous amount of potential exhibits, including numerous video and audio recordings that the government will offer into evidence at trial.

3. This case is unusual and complex due to the nature of the illegal activity charged pertaining to a complex and widespread scheme to defraud Medicare. It is unreasonable to expect adequate and effective preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act taking into account the exercise of due diligence.

4. The failure to grant a continuance will likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

5. These factors and the ends of justice outweigh the public and the defendants' best interest in a speedy trial. See 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i), (ii) and (iv).

6. Accordingly, it is ORDERED, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice will be served by setting a trial date beyond the time limits established by the Speedy Trial Act.

BY THE COURT:

_____
HONORABLE JUAN R. SÀNCHEZ
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | |
| ANNA MUDROVA, | : | CRIMINAL NO. 13-164 |
| YURY GERASYUK, | | |
| MIKHAIL VASSERMAN, | : | |
| ALEKSANDR VASSERMAN, | | |
| IRINA VASSERMAN, | : | |
| VALERIY DAVYDCHIK, | | |
| KHUSEN AKHMEDOV, AND | : | |
| PENN CHOICE AMBULANCE INC. | | |

**GOVERNMENT'S UNOPPOSED**
**MOTION FOR COMPLEX CASE DESIGNATION**

1. This case is so unusual and complex due to the nature of the prosecution and the number of co-defendants, witnesses and documents that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limitations established by the Speedy Trial Act, 18 U.S.C. §3161, et seq., taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv).

2. This case is unusual and complex for the following reasons:

    a. The 30-count indictment returned on April 9, 2013 charges violations of five separate federal criminal statutes: 18 U.S.C. §§ 1349 (conspiracy to commit health care fraud), 1035 (false statements in connection with health care matters), 1957 (money laundering), 1028A (aggravated identity theft), and 42. U.S.C. § 1320a-7b(b)(2)(B)(kickback payments) and involves potential forfeiture of several bank accounts and vehicles.

b. Eight defendants are charged in the indictment - seven individuals and one corporate entity. Three of the co-defendants have a limited ability to speak and understand the English language and required a Russian interpreter to translate the proceedings at their initial court appearance. It is expected that defense counsel will need to translate much of the discovery into the Russian language and that counsel will need to communicate through interpreters to prepare for trial. Such a language barrier with multiple co-defendants would likely increase the amount of time needed for, and the complexity of, trial preparation for defense counsel.

c. The criminal activities charged in the indictment occurred over a period of more than three years and the indictment alleges a wide-ranging conspiracy and scheme to transport patients for medically unnecessary services, to submit fraudulent claims for reimbursement to Medicare, to falsify records, to use unique identifying information of others without lawful authority to commit the fraud, to pay illegal kickbacks, and to launder the proceeds from the fraud.

d. A voluminous quantity of potential Rule 16 discovery materials exists, including, among other things, hundreds of pages of documents seized from defendant Penn Choice Ambulance, Inc. ("Penn Choice"), voluminous patient records, a large number of records subpoenaed from various financial institutions, and other entities, electronic claims data for thousands of claims filed by Penn Choice, hours of video and audio recordings, and hundreds of pages of agent interview reports and grand jury testimony. The coordination, production, and review of this voluminous quantity of discovery material will take a significant amount of time.

e. In the government's estimation, the government's evidence at trial will require at least two weeks and the government is not sure of the extent of time required by the

defense.  The government expects to call a minimum of 20 witnesses to testify at trial, excluding records custodians.  There are numerous potential exhibits, including numerous video and audio recordings that the government will offer into evidence at trial.

3. The government has had preliminary discussions with defense counsel concerning the possibility of a non-trial disposition.  The outcome of those discussions will doubtlessly affect the number of witnesses to be called and the presentation of evidence.  Discussions may also help narrow the issues for trial, including pre-trial motions.  However, as of this early date, there has been no final resolution of these discussions.

4. This case is unusual and complex due to the nature of the illegal activity charged pertaining to a complex and widespread scheme to defraud health care benefit programs.  It is unreasonable to expect adequate and effective preparation for pretrial proceedings and for the trial itself within the time limits established by the Speedy Trial Act taking into account the exercise of due diligence.  See 18 U.S.C. §§ 3161(h)(7), et. seq.

5. The failure to grant a continuance will likely result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i).

6. These factors and the ends of justice outweigh the public and the defendants' best interest in a speedy trial.  See 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i), (ii) and (iv).

7. Government counsel has conferred with defense counsel who have stated that they do not oppose this motion for complex case designation and postponement of the trial to a date that is beyond the limits established by the Speedy Trial Act.

WHEREFORE, the government submits that the ends of justice will be served by granting a continuance beyond the time limits established by the Speedy Trial Act and

respectfully requests that this motion, requesting a Speedy Trial Act continuance and to have the captioned case declared complex, be granted.

Respectfully Submitted,

ZANE DAVID MEMEGER
United States Attorney

/s/ Richard A. Lloret
RICHARD A. LLORET
Chief, Health Care Fraud
Assistant United States Attorney

/s/ M. Beth Leahy
M. BETH LEAHY
Assistant United States Attorney

# CERTIFICATE OF SERVICE

This is to certify that I have caused to be served by electronic case filing and by United States Mail, postage prepaid, a true and correct copy of the within motion for complex case designation on the following:

>William J. Murray, Jr., Esq.
>1600 Market St., Ste. 2650
>Philadelphia, PA 19103
>*Counsel for Anna Mudrova*
>
>Michael J. Engle, Esq.
>123 South Broad St., Ste. 2500
>Philadelphia, PA 19109
>*Counsel for Yury Gerasyuk*
>
>Lawrence S. Krasner, Esq.
>1221 Locust St., Ste. 301
>Philadelphia, PA 19107
>*Counsel for Mikhail Vassermen*
>
>Thomas F. Burke, Esq.
>Two Penn Center Plaza
>1500 JFK Blvd., Ste. 900
>Philadelphia, PA 19102
>*Counsel for Irina Vasserman*
>
>Brian J. Zeiger, Esq.
>123 S. Broad St., Ste. 1200
>Philadelphia, PA 19109
>*Counsel for Aleksandr Vasserman*
>
>Martin I. Isenberg, Esq.
>Two Penn Center Plaza,
>1500 JFK Blvd., Ste. 1040
>Philadelphia, PA 19102
>*Counsel for Khusen Akhmedov*
>
>Fortunato N. Perri, Jr., Esq.
>One Penn Square West
>30 S. 15th St., Ste. 701
>Philadelphia, PA 19102
>*Counsel for Valeriy Davydchik*

>/s/ M. Beth Leahy
>M. Beth Leahy
>Assistant United States Attorney

Dated: April 18, 2013